NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PARKERVISION, INC.,**
*Plaintiff-Appellant*

v.

**QUALCOMM INCORPORATED, QUALCOMM ATHEROS, INC.,**
*Defendants-Appellees*

---

2022-1755

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:14-cv-00687-PGB-LHP, Judge Paul G. Byron.

---

**SUA SPONTE**

---

Before LOURIE, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

ParkerVision filed this action for patent infringement in the United States District Court for the Middle District of Florida. Qualcomm counterclaimed for declaratory

judgments of non-infringement and invalidity. The district court granted Qualcomm's motion for summary judgment of non-infringement as to claims of U.S. Patent Nos. 6,091,940, 7,039,372, and 7,218,907 (collectively, the "Asserted Patents"), and entered judgment in favor of Qualcomm and against ParkerVision. The judgment entered by the district court, from which ParkerVision appeals, does not address Qualcomm's counterclaims for invalidity of claims of the Asserted Patents.

A judgment of non-infringement of a patent claim does not render a counterclaim for invalidity of the same patent claim moot. *See Cardinal Chemical Co. v. Morton Int'l Inc.*, 508 U.S. 83, 98 (1993). It appears, therefore, that Qualcomm's counterclaims for invalidity remain unadjudicated.

Our jurisdiction generally extends only to a "final decision of a district court." 28 U.S.C. § 1295(a)(1). A judgment that does not resolve all counterclaims is not an appealable final judgment. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties . . . there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction."); *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) ("A judgment that does not dispose of pending counterclaims is not a final judgment."). It appears, therefore, that the court lacks jurisdiction over ParkerVision's appeal.

Accordingly,

IT IS ORDERED THAT:

By no later than July 8, 2024, each party shall file a brief, not to exceed five pages, addressing the following questions:

(1) Is there an appealable final judgment in this case?

(2) If not, should the court dismiss the appeal for lack of jurisdiction, subject to reinstatement under the same

docket number, without the payment of an additional filing fee, if, within 30 days of this Order, ParkerVision appeals from the entry of an appealable order (e.g., if the counter-claims for invalidity are dismissed, or judgment is entered pursuant to Federal Rule of Civil Procedure 54(b))?

FOR THE COURT

June 27, 2024
Date

Jarrett B. Perlow
Clerk of Court