No. 22-1755

# In The
# United States Court of Appeals
# for the Federal Circuit

---

PARKERVISION, INC.,

*Plaintiff-Appellant,*

v.

QUALCOMM, INCORPORATED, QUALCOMM ATHEROS, INC.,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the Middle District of Florida, Case No. 6:14-00687-PGB-LHP, the Honorable Paul G. Byron.

---

**PARKERVISION, INC., QUALCOMM INC., AND QUALCOMM ATHEROS, INC.'S JOINT RESPONSE TO REQUEST FOR BRIEFING**

---

| | |
|---|---|
| Joshua W. Budwin | Eamonn Gardner |
| MCKOOL SMITH, P.C. | COOLEY LLP |
| 303 Colorado St, Ste. 2300 | 1144 15th Street, Suite 2300 |
| Austin, TX 78701 | Denver, CO 80202 |
| (512) 692-8700 | (720) 566-4000 |
| jbudwin@mckoolsmith.com | egardner@cooley.com |
| | |
| *Principal Attorney for Plaintiff-Appellant ParkerVision, Inc.* | *Principal Attorney for Defendants-Appellees Qualcomm, Incorporated and Qualcomm Atheros, Inc.* |

(Additional counsel on signature page.)

July 8, 2024

The Court has ordered the parties to provide briefing on two questions concerning the Court's jurisdiction over this appeal. Dkt. 57 (the Order). Plaintiff-Appellant ParkerVision, Inc. (ParkerVision) and Defendants-Appellees Qualcomm, Incorporated and Qualcomm Atheros, Inc. (collectively, Qualcomm) have conferred on the Order. As explained below, the parties agree (1) that there is an appealable final judgment in this case. If the Court disagrees, the parties respectfully request (2) that the Court dismiss this appeal subject to reinstatement as generally outlined in the Order's second question. Dkt. 57 at 2.

As the Court's Order recounts, ParkerVision filed this action for patent infringement in the Middle District of Florida, and Qualcomm counterclaimed for declaratory judgments of non-infringement and invalidity. Dkt. 57 at 1. Qualcomm moved for summary judgment, and on March 22, 2022, the district court granted the motion on non-infringement grounds for the patents remaining in the case on that date. The district court's summary judgment order did not expressly address each of Qualcomm's counterclaims for invalidity. Appx3-11. But it did cite two documents submitted by the parties reflecting their intention that, upon determinations of non-infringement, the corresponding counterclaims for invalidity would be dismissed without prejudice and subject to Qualcomm's right to revive them in the event of a remand from this Court. *See* Appx3 n.1 (citing to the district court's docket numbers 650 and 670); *ParkerVision, Inc. v. Qualcomm, Incorporated*, Case No. 6:14-00687-

1

PGB-LRH, Dkt. 650 at 5 & Dkt. 670 at 1.[1] The district court's order concluded by granting judgment of non-infringement, directing the clerk to enter judgment in favor of Qualcomm and against ParkerVision, and directing the clerk to "terminate any pending deadlines and close the file." Appx11. The next day, pursuant to the district court's order, the clerk entered a separate final judgment in favor of Qualcomm and against ParkerVision, and closed the case. Appx1. Because final judgment had been entered, there have been no further proceedings before the district court, and ParkerVision timely filed a notice of appeal.

1. The Order first asks: "Is there an appealable final judgment in this case?" Dkt. 57 at 2. Yes, the parties agree that there is. The finality of a judgment depends principally upon the district court's intent, and not the precise form of its order. This Court has explained that finality simply requires "some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362-63 (Fed. Cir. 2003) (citation omitted). This analysis is "pragmatic"

---

[1] The district court noted that these documents rendered the corresponding invalidity counterclaims "moot." Appx3 n.1. But the documents themselves make clear the parties' joint intention that, if and when "final judgment" was entered for Qualcomm and against ParkerVision on the non-infringement counterclaims, Qualcomm's counterclaims "seeking declaratory judgment of invalidity" would be dismissed without prejudice subject "to Qualcomm's right" to revival of those claims "in the event of a remand from the Federal Circuit Court of Appeals." *ParkerVision*, Case No. 6:14-00687-PGB-LRH, Dkt. 650 at 5; *see also id.*, Dkt. 670 at 1.

2

and "not needlessly rigid *pro forma*." *Id.* at 1363 (citation omitted). "No form of words is necessary to evince the rendition of a judgment." *Id.* (citation omitted). Thus, an order that "effectively" dismisses a claim is just as final as one that does so expressly. *Id.* When the record reflects "a clear intent" to "dispose of all claims and end the case," the judgment is an appealable "final judgment." *Id.*

The record here reflects that the district court clearly and unequivocally manifested its belief that it had entered a final judgment. After granting Qualcomm judgment on non-infringement, the district court directed its clerk to "enter judgment in favor of [Qualcomm] and against [ParkerVision]," "terminate any pending deadlines," and "close the file." Appx10-11. In ruling this way the district court "effectively" dismissed Qualcomm's invalidity counterclaims without prejudice by removing the possibility of further orders related to them. *See Pandrol*, 320 F.3d at 1362 (holding the district court "effectively" denied counterclaims by ordering trial "limited" only to other issues). This conclusion is further supported by the district court's citation, in its summary judgment order, to documents reflecting the parties' agreement that, upon determinations of non-infringement, the corresponding counterclaims for invalidity would be dismissed without prejudice. Appx3 n.1. While those documents addressed in particular certain claims drawn from the '177 and '372 patents, *see ParkerVision*, Case No. 6:14-00687-PGB-LRH, Dkt. 650 at 5 and Dkt. 670 at 1, the parties suggest that it is reasonable and appropriate, in these

3

circumstances, to understand the district court as effectively applying that agreed approach to its determinations of non-infringement across the board.

In the parties' view, the district court's summary judgment order (along with its separate judgment) should be read as expressly granting summary judgment on non-infringement, and effectively (if implicitly) dismissing the corresponding counterclaims for invalidity without prejudice and subject to revival in the event of remand following appeal. That accords with the parties' agreed approach to dismissing invalidity counterclaims without prejudice upon determinations of non-infringement, with the district court's clear belief that it was entering a final judgment that closed the file and ended the case, and also with the parties' joint treatment of the district court's judgment as final—pursuing and responding to this appeal while taking no further action in the closed district court matter.

2. The Order's second question asks: "If not, should the court dismiss the appeal for lack of jurisdiction, subject to reinstatement under the same docket number, without the payment of an additional filing fee, if, within 30 days of this Order, ParkerVision appeals from the entry of an appealable order (e.g., if the counter-claims for invalidity are dismissed, or judgment is entered pursuant to Federal Rule of Civil Procedure 54(b))?" Dkt. 57 at 2-3.

If the Court finds that there is not yet a final appealable judgment in this case, then the parties respectfully request that the Court dismiss this appeal subject to

4

reinstatement as generally outlined in Dkt. 57 at 2. In particular, should the Court deem dismissal necessary, the parties respectfully propose the following approach for the Court's consideration: (1) this Court will dismiss the appeal with instructions for the district court to reopen the case and consider the parties' joint submissions within the timeframe set by the Court; (2) upon dismissal of this appeal, the parties will promptly and jointly move the district court to enter an amended final judgment that expressly dismisses Qualcomm's invalidity counterclaims without prejudice and subject to revival in the event of a remand from this Court; and (3) upon entry of the amended judgment, ParkerVision will promptly file its notice of appeal from that judgment, subject to reinstatement under this same docket number, and without the payment of an additional filing fee or any additional briefing or argument. In the event that the district court is unable to enter an amended judgment by July 26, 2024, the parties will provide a joint status update to the Clerk of this Court.

    For these reasons, the parties respectfully request that the Court hold that it has jurisdiction in this appeal. Alternatively, the parties respectfully request that the Court dismiss this appeal subject to reinstatement, as outlined above.

| | |
|---|---|
| */s/* Joshua W. Budwin | */s/* Eamonn Gardner |
| Joshua W. Budwin | Eamonn Gardner |
| *Principal Attorney* | *Principal Attorney* |
| MCKOOL SMITH, P.C. | COOLEY LLP |
| 303 Colorado St, Ste. 2300 | 1144 15th Street, Suite 2300 |
| Austin, TX 78701 | Denver, CO 80202 |
| (512) 692-8700 | (720) 566-4000 |
| jbudwin@mckoolsmith.com | egardner@cooley.com |
| | |
| Joel L. Thollander | Matthew Brigham |
| Joshua W. Budwin | Jeffrey Karr |
| Matthew T. Cameron | Priya Viswanath |
| R. Mitch Verboncoeur | Dena Chen |
| McKool Smith, P.C. | COOLEY LLP |
| 303 Colorado Street, Suite 2100 | 3175 Hanover Street |
| Austin, TX 78701 | Palo Alto, CA 94304 |
| (512) 692-8700 | 650-843-5000 |
| jthollander@mckoolsmith.com | mbrigham@cooley.com |
| jbudwin@mckoolsmith.com | jkarr@cooley.com |
| mcameron@mckoolsmith.com | pviswanath@cooley.com |
| mverboncoeur@mckoolsmith.com | dchen@cooley.com |
| | |
| Kevin L. Burgess | Stephen Smith |
| MCKOOL SMITH, P.C. | COOLEY LLP |
| 104 East Houston Street, Suite 300 | 1299 Pennsylvania Avenue, NW, Suite 700 |
| Marshall, TX 75670 | Washington, DC 20004-2400 |
| (903) 923-9000 | stephen.smith@cooley.com |
| kburgess@mckoolsmith.com | |
| | |
| *Attorneys for Plaintiff-Appellant ParkerVision, Inc.* | *Attorneys for Defendants-Appellees Qualcomm, Incorporated and Qualcomm Atheros, Inc.* |

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Joint Response,

1. Complies with the type-volume limitation of the Court's June 27, 2024 Order. This brief does not exceed five pages, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), and FED. CIR. R. 32(b).

2. Complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6). This brief has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman type style.

Dated: July 8, 2024

                                                     */s/* Joel L. Thollander
                                                     Joel L. Thollander